UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOSEPH J. ZAJAC, III,

      Plaintiff,

v.                                    Case No: 2:13-cv-714-FtM-29DNF

JOHN R. CLARK, NICHOLAS X.
DINISIO, ALLEN NORWICH,
VIVIAN N. RODRIGUEZ, THOMAS
K. VANASKIE, JOHN DOE,
unknown persons, and UNITED
STATES OF AMERICA,

      Defendants.

_____

## OPINION AND ORDER

This matter comes before the Court on review of defendants'
Second Motion to Dismiss and, in the alternative, Substitute the
United States as the Proper Defendant (Doc. #44) filed on June 25,
2014. Plaintiff filed a Response to Defendants' Motion to Dismiss
(Doc. #45) on July 7, 2014. For the reasons stated below, the
motion is due to be granted.

**I.**

On June 11, 2014, plaintiff Joseph J. Zajac, III (plaintiff
or Zajac) filed a six-count Second Amended Complaint against John
R. Clark, Nicholas X. Dinisio, Allen Norwich, Vivian Rodriguez,
Thomas Vanaskie, and unknown persons. (Doc. #43.) Plaintiff
alleges that defendants violated 42 U.S.C. §§ 1983, 1985, and 1986,

18 U.S.C. §§ 1001, 1621, and 1623, 26 U.S.C. § 7609(d)(2), and Fed. R. Civ. P. 11(b) (Count I), the Fourth Amendment (Count II), the Fifth and Fourteenth Amendments (Count III), Internal Revenue Service (IRS) policies and procedures (Count IV), Article I, Section 23 of the Florida Constitution (Count V), and Article I, Section 12 of the New York Constitution (Count VI). (Id.)  In support thereof, plaintiff alleges as follows[1]:

**A.   Case No. 2:11-mc-4-29SPC**

In order to investigate plaintiff's federal income tax liability for the 2007, 2008, and 2009 tax years, IRS Revenue Agent John R. Clark (Clark) issued Summonses to Bank of America, Charles Schwab & Co., Inc., and RBS Card Services on or about February 3, 2011.  Plaintiff filed a Petition to Quash on February 14, 2011, and the case was transferred to the civil docket and assigned case number 2:11-cv-469-FTM-29SPC for all further proceedings.

**B.   Case No. 2:11-cv-469-FTM-29SPC**

On September 21, 2011, the Court dismissed Zajac's Petition to Quash Third Party Summonses because of improper service of process, and denied the government's Counter-Petition to Enforce Summons as moot.  (Doc. #10.)  Thereafter, petitioner executed service of process on the government.  The United States filed a

---

[1]The Court is familiar with the underlying facts in this matter and will take judicial notice of the filings in the prior cases.

Response in Opposition to Petition to Quash Third Party Summonses incorporating its prior arguments but stating that it was no longer seeking enforcement of the summonses. (Doc. #18.)

On November 15, 2011, plaintiff filed a Motion to Grant Leave to add two additional summonses to the Petition to Quash - a summons served on Bank of America on October 28, 2011, and a summons served on FIA Card Services, N.A. on February 25, 2011. (Doc. #19.) The United States filed a Response on November 29, 2011 (Doc. #21), and attached a Supplemental Declaration of John Clark indicating that the Bank of America had produced documents responsive to the summons issued on February 3, 2011, but that the documents were placed in a locked file cabinet while the Petition to Quash was pending and were not accessible to him (Doc. #21-1).

On January 3, 2012, the Court dismissed the Petition to Quash Third Party Summonses as moot because enforcement was no longer being sought, and directed the Clerk to enter judgment dismissing the Petition as moot. (Doc. #24.) Judgment was issued the next day. (Doc. #25.)

Plaintiff filed a Motion for Clarification and Reconsideration of Court Order Dated January 3, 2012, because Clark sought to enforce the summonses after the Court dismissed the Petition to Quash Third Party Summonses as moot. (Doc. #26.) In doing so, Clark informed the summonsed parties that the IRS did not support the Department of Justice's decision to withdraw

3

enforcement of the summonses. (Id.) The Court subsequently issued an Order to Show Cause stating that "[n]o decision was rendered on the merits because the United States stated it did not seek enforcement of the summonses," and directing the government and Clark to appear before the undersigned to show cause why they should not be held in contempt for telling the Court the government did not seek enforcement of the summonses and then seeking to enforce the summonses. (Doc. #29.)

The Court held a show cause hearing on February 10, 2012, during which Thomas K. Vanaskie (Vanaskie), the Department of Justice attorney representing the IRS, stated that Clark did not review the documents produced by Bank of America and discussed the Order dismissing the case with Clark. After the hearing, the Court issued an Order rescinding the Order to Show Cause, concluding that no contemptuous conduct was intended, and clarifying "that there should be no compliance with the summonses at issue in this case by the third parties." (Doc. #34, p. 2.) Zajac was also permitted to file a motion if he believed he was entitled to further relief.

Plaintiff then filed an Amended Motion for Relief. (Doc. #45.) In response, the government filed a Memorandum in Opposition stating that an investigation was initiated based on the allegations of plaintiff that Clark committed perjury in his Supplemental Declaration. (Doc. #47.) A Third Declaration of

John Clark stated that Bank of America produced documents but they were stored in a locked file cabinet to which he did not have access while the Petition was pending. (Doc. #47-1.) On October 27, 2011, Clark contacted IRS agency counsel Vivian Rodriguez (Rodriguez) to determine whether plaintiff revived his Petition, and she advised that the Petition was no longer pending and that Clark could review the documents produced by Bank of America. Clark did not consult with counsel for the United States. On November 4, 2011, when contacted by Vanaskie in case number 2:12-cv-230-FTM-29CM, Clark discovered that the Petition was still pending and returned the documents to the locked file cabinet. The documents were subsequently returned to Bank of America.

## C.   Case No. 2:12-mc-8-FTM-29DNF

On or about February 14, 2012, Clark issued summonses to Bank of America, N.A., Charles Schwab & Co., Inc., and FIA Card Services, N.A. for tax years 2007, 2008, and 2009. Plaintiff filed a Petition to Quash Third Party Summonses on February 27, 2012. On April 23, 2012, the United States filed a Response in Opposition and Counter-Petition to Enforce Summonses based on Clark's supporting Affidavit and Declaration. The case was subsequently transferred to the civil docket and assigned case number 2:12-230-FTM-29CM for all further proceedings.

**D.    Case No. 2:12-cv-230-FTM-29CM**

On May 3, 2012, the Court stayed this case and the filing of a response to the Counter-Petition pending a decision on petitioner's Amended Motion for Relief in 2:11-cv-469-FTM-29SPC. That Amended Motion was decided as discussed above, the stay was lifted, and petitioner filed his Response and Opposition to Counter Petition to Enforce Summonses (Doc. #12) on February 25, 2013, seeking an evidentiary hearing regarding Revenue Agent Clark's alleged perjury in a sworn declaration.  The evidentiary hearing, focusing on petitioner's allegations of an improper purpose, was conducted on June 20, 2013.

On July 17, 2014, six days after plaintiff's Second Amended Complaint was filed in the instant matter, the Court entered an Opinion and Order denying plaintiff's Petition to Quash Third Party Summonses and granting in part and denying part the government's Counter Petition to Enforce Summonses.  (Doc. #44.)

Defendants in this matter now seek dismissal of plaintiff's Second Amended Complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted.

**II.**

Defendants assert that the official capacity claims should be dismissed for lack of subject matter jurisdiction because the United States has not waived its sovereign immunity and argues that the <u>Bivens</u> counts in the Second Amended Complaint should be

dismissed because constitutional tort claims are not permitted in tax related disputes. (Doc. #32.)

## A.    Rule 12(b)(1)

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides for dismissal of an action if the court lacks subject matter jurisdiction. A motion to dismiss under Rule 12(b)(1) may assert either a factual attack or a facial attack to jurisdiction. Morrison v. Amway Corp., 323 F.3d 920, 924 (11th Cir. 2003). A factual attack challenges the existence of subject matter jurisdiction using materials extrinsic from pleadings, such as affidavits or testimony. Stalley ex. rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc., 524 F.3d 1229, 1232-33 (11th Cir. 2008). In contrast, a facial attack requires the Court to determine whether the pleader has sufficiently alleged a basis for subject matter jurisdiction. Id. When presented with a facial attack, the Court accepts the well-pleaded factual allegations in the complaint as true for purposes of the motion. Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003).

## B.    Sovereign Immunity

"The United States, as sovereign, is immune from suit save as it consents to be sued." United States v. Sherwood, 312 U.S. 584, 586 (1941). "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." JBP Acquisitions, LP v. United States, 224 F.3d 1260, 1263 (11th Cir. 2000).

Likewise, the protection of sovereign immunity generally extends to the employees of those agencies sued in their official capacities. Ishler v. I.R.S., 237 F. App'x 394, 397 (11th Cir. 2007). Absent a waiver of sovereign immunity, a district court lacks subject matter jurisdiction to hear claims against the United States. Corbett v. Transp. Sec. Admin., 568 F. App'x 690, 699 n.7 (11th Cir. 2014) (citing Bennett v. United States, 102 F.3d 486, 488 n.1 (11th Cir. 1996)).

The doctrine of sovereign immunity applies to all suits against the United States government. Actions are against the government where "the judgment sought is to be satisfied from monies of the federal Treasury, or where the judgment interferes with public administration, or where the judgment's effect is to compel or restrain the government's actions." Id. (quoting Panola Land Buyers Ass'n v. Shuman, 762 F.2d 1550, 1555 (11th Cir. 1985)). A lawsuit against United States officers in official capacity for money damages that would be paid from the public treasury is a suit against the United States. Id.

Here, plaintiff has asserted official capacity claims seeking monetary relief against all defendants. Because any damages would be paid from the Federal Treasury, the official capacity claims will be treated as claims filed against the United States. Thus, dismissal of the official capacity claims is warranted unless plaintiff identifies an explicit waiver of sovereign immunity.

See Ishler, 237 F. App'x at 398 (because plaintiff bears the burden of establishing subject matter jurisdiction, he must prove an explicit waiver of sovereign immunity).  See also Gomez-Perez v. Potter, 553 U.S. 474, 491 (2008) (consent to be sued is a prerequisite for jurisdiction and must be "unequivocally expressed" in statutory text to act as a waiver of sovereign immunity).

Plaintiff alleges that sovereign immunity does not apply in this matter because defendants knowingly violated his constitutional rights.  (Doc. #43, ¶ 20.)  Defendants' actions, however, cannot serve as a waiver of sovereign immunity.  A liberal reading of the Second Amended Complaint reveals that plaintiff may be relying on 26 U.S.C. § 7433 as an applicable waiver of sovereign immunity.  Section 7433 provides the exclusive remedy for recovering damages caused by employees or officers of the IRS who "recklessly or intentionally, or by reason of negligence" disregard any provision of the Internal Revenue Code or applicable Treasury Regulation in connection with the "collection" of federal taxes.  26 U.S.C. § 7433(a).  Defendants argue, and the Court agrees, that this provision is inapplicable to the case at hand because plaintiff's claims arise out of the assessment of plaintiff's tax liability, not the collection.  Because § 7433 only waives sovereign immunity for collection activities, plaintiff's claims are excluded from the waiver.  See Miller v.

United States, 66 F.3d 220, 222-23 (9th Cir. 1995) (waiver of sovereign immunity under § 7433 permitting taxpayers to sue for misconduct in collection of taxes does not extend to the assessment of a taxpayer's liability); Tift v. I.R.S., No. C08-332MJP, 2008 WL 2397537, at *4 (W.D. Wash June 10, 2008) (same).  Due to the absence of an explicit waiver of sovereign immunity, plaintiff's official capacity claims will be dismissed for lack of subject matter jurisdiction.

## C.   **Bivens Claims**

Plaintiff alleges that defendants violated his rights under the Fourth, Fifth, and Fourteenth Amendments by knowingly opening and viewing the documents produced by Bank of America while the Petition to Quash Third Party Summonses was still pending.  (Doc. #43, ¶¶ 62-63.)  Civil actions against federal employees in their individual capacities for violations of federal constitutional rights are governed by Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).  See Hartman v. Moore, 547 U.S. 250, 254 (2006).  Bivens involved alleged violations of the Fourth Amendment, but the Supreme Court has also allowed Bivens actions for violations of the Due Process Clause of the Fifth Amendment.  Wilkie v. Robbins, 551 U.S. 537, 549 (2007); Alba v. Montford, 517 F.3d 1249, 1252-53 (11th Cir. 2008).

Damages can be obtained in a Bivens action when (1) the plaintiff has no alternative means of obtaining redress and (2) no

"special factors counseling hesitation" are present.  Hardison v. Cohen, 375 F.3d 1262, 1264 (11th Cir. 2004) (quoting Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1575-76 (11th Cir. 1990)).  "Those special factors 'include an appropriate judicial deference' toward the will of Congress: 'When the design of a Government program suggests that Congress has provided what it considers adequate remedial mechanisms for constitutional violations that may occur in the course of its administration, we have not created additional Bivens remedies.'"  Hardison, 375 F.3d at 1264 (quoting Schweiker v. Chilicky, 487 U.S. 412, 423 (1988)).

Due to the comprehensiveness of the Internal Revenue Code, courts are nearly unanimous in holding that Bivens relief is not available for alleged constitutional violations by IRS officials involved in the process of assessing and collecting taxes.  See Adams v. Johnson, 355 F.3d 1179, 1184-85 (9th Cir. 2004); Shreiber v. Mastrogiovanni, 214 F.3d 148, 152 (3d Cir. 2000) ("[A] Bivens action should not be inferred to permit suits against IRS agents accused of violating a taxpayer's constitutional rights in the course of making a tax assessment."); Dahn v. United States, 127 F.3d 1249, 1254 (10th Cir. 1997) ("[I]n light of the comprehensive administrative scheme created by Congress to resolve tax-related disputes, individual agents of the IRS are also not subject to Bivens actions."); Fishburn v. Brown, 125 F.3d 979, 982-83 (6th Cir. 1997) (concluding that Bivens actions may not be brought

against IRS agents for due process violations arising out of tax collection activities); <u>Vennes v. An Unknown Number of Unidentified Agents of the United States</u>, 26 F.3d 1448, 1453-54 (8th Cir. 1994) ("Congress has provided specific and meaningful remedies for taxpayers who challenge overzealous tax assessment and collection activities . . . These carefully crafted legislative remedies confirm that, in the politically sensitive realm of taxation, Congress's refusal to permit unrestricted damage actions by taxpayers has not been inadvertent."); <u>McMillen v. United States Dep't of Treasury</u>, 960 F.2d 187, 190 (1st Cir. 1991) (per curiam) (stating that even if alleged IRS assessment and collection actions did constitute a constitutional violation, "we doubt that the creation of a <u>Bivens</u> remedy would be an appropriate response"); <u>Baddour, Inc. v. United States</u>, 802 F.2d 801, 807-09 (5th Cir. 1986) ("[C]reation of a damages remedy under circumstances where Congress has provided for corrections of tax collection errors could wreck havoc with the federal tax system."); <u>Cameron v. I.R.S.</u>, 773 F.2d 126, 129 (7th Cir. 1985) ("[I]t would make the collection of taxes chaotic if a taxpayer could bypass the remedies provided by Congress simply by bringing a damage action against Treasury employees."). Because Congress has specifically provided an exclusive statutory remedy against the United States for wrongful tax assessment or collection efforts by IRS employees, the Court does not have jurisdiction to consider the merits of

plaintiff's <u>Bivens</u> claims.  <u>See</u> <u>Al-Sharif v. United States</u>, 296 F.
App'x 740, 741 (11th Cir. 2008) (Congress has specifically provided
an exclusive statutory remedy against the United States for
wrongful tax assessment or collection efforts by IRS employees;
therefore, the Court does not have jurisdiction to consider the
merits of plaintiff's <u>Bivens</u> claims); <u>Reeves v. Belton</u>, No. 14-
60608-CIV, 2014 WL 4388145, at *3 (S.D. Fla. Sept. 5, 2014); <u>United
States v. Trevitt</u>, No. 5:13-CV-174(CAR), 2014 WL 575536, at *3
(M.D. Ga. Feb. 11, 2014); <u>Brown v. United States</u>, No. 5:08-cv-118-
OC-10GRJ, 2009 WL 2044684, at *6 (M.D. Fla. July 10, 2009).
Accordingly, Counts II and III of plaintiff's Second Amended
Complaint will be dismissed.[2]

---

[2]Dismissal of Count II is also warranted because plaintiff
has no privacy interest in his bank records.  <u>See</u> <u>United States v.
Miller</u>, 425 U.S. 435, 437 (1976) (holding that a depositor has no
expectation of privacy and thus no "protectable Fourth Amendment
interest" in bank records relating to the depositor's accounts).
As such, plaintiff cannot plausibly allege a violation of the
Fourth Amendment.  Additionally, the Court previously determined
that Zajac's Fifth Amendment right to due process was not violated.
<u>See</u> <u>Zajac v. United States</u>, 2:12-cv-230-29CM, Doc. 44, p. 13
("Procedures were in place allowing Zajac to come before the Court
and seek to quash the summonses, and petitioner took advantage of
the procedures.  No further process is required.").  Accordingly,
the Court finds that plaintiff cannot allege a violation of the
Fifth Amendment.

**III.**

Defendants also assert that Counts I, IV, V, and VI should be dismissed for failure to state a claim upon which relief may be granted.

**A.    Rule 12(b)(6)**

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations

omitted).   "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678.   "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible."  Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (internal quotation marks and citations omitted).   Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  Iqbal, 556 U.S. at 679.

**B.   Count I**

In Count I of the Second Amended Complaint, plaintiff alleges that defendants violated 42 U.S.C. §§ 1983, 1985, and 1986, 18 U.S.C. §§ 1001, 1621, and 1623, 26 U.S.C. § 7609(d)(2), and Fed. R. Civ. P. 11(b).  As a preliminary matter, the Court finds that plaintiff has improperly lumped multiple claims into a single count.  Under the Federal Rules of Civil Procedure, "[a] party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones."  Fed. R. Civ. P. 8(d)(2).  Nevertheless, where a plaintiff asserts multiple claims for relief, a properly drafted pleading "will present each claim for relief in a separate count." Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll., 77 F.3d 364, 366 (11th Cir. 1996).  See also Fed. R. Civ. P. 10(b) ("If

doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count."). Accordingly, dismissal of Count I is warranted. See Marlborough Holdings Grp., Ltd. v. Azimut-Benetti, Spa, Platinum Yacht Collection No. Two, Inc., 505 F. App'x 899, 907 (11th Cir. 2013). The Court will nevertheless discuss the viability of plaintiff's claims.

**(1)  42 U.S.C. § 1983**

Defendants assert that Count I should be dismissed to the extent that plaintiff attempts to state a claim under 42 U.S.C. § 1983 because defendants were acting under federal law. The Court agrees. Section 1983 imposes liability on any person who, under color of state law, deprives a person "of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. Here, plaintiff's § 1983 claim fails as a matter of law because defendants are federal officials and were acting under the authority of federal law at the time of the alleged wrongs. See Hartman v. Moore, 547 U.S. 250, 254 (2006) (victims of a constitutional violation by a federal agent may bring a Bivens action against the official, the federal analog to suits brought against state official under § 1983). Thus, Count I will be dismissed to the extent that plaintiff attempts to assert a claim under 42 U.S.C. § 1983.

**(2)  42 U.S.C. §§ 1985 & 1986**

Count I also alleges a conspiracy claim pursuant to 42 U.S.C. § 1985.  To state a claim of conspiracy under § 1985(3), the plaintiff must allege four elements: "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." Cooksey v. Waters, 435 F. App'x 881, 883 (11th Cir. 2011) (quoting Park v. City of Atlanta, 120 F.3d 1157, 1161 (11th Cir. 1997)).  "The core of a conspiracy claim is an agreement between the parties; thus, where the plaintiff fails to allege an agreement, the pleading is deficient and subject to dismissal." Mickens v. Tenth Judicial Cir., 181 F. App'x 865, 876 (11th Cir. 2006) (citing Bailey v. Board of Cnty. Comm'rs, 956 F.2d 1112, 1122 (11th Cir. 1992)).

Here, plaintiff has failed to plausibly allege an agreement between the parties or a violation of a serious constitutional right.  With respect to the conspiracy, plaintiff merely alleges that defendants knowingly conspired to deprive plaintiff of his constitutional rights.  (Doc. #43, ¶¶ 41-45, 74.)  The Second Amended Complaint is void of factual allegations indicating that defendants agreed to deprive plaintiff of his constitutional

rights; thus, plaintiff has failed to allege a plausible conspiracy. Furthermore, plaintiff, as discussed in note 2, has also failed to plausibly allege that his rights under the Fourth or Fifth Amendments were violated. Accordingly, the Court finds that plaintiff has failed to state a plausible claim under 42 U.S.C. § 1985. Plaintiff's claim under 42 U.S.C. § 1986 must also be dismissed because § 1986 "only provides a cause of action in the existence of § 1985(3) conspiracy." Park v. City of Atlanta, 120 F.3d 1157, 1160 (11th Cir. 1997).

### (3)  18 U.S.C. §§ 1001 & 1621-1623

Plaintiff attempts to allege four criminal violations under 18 U.S.C. §§ 1001, 1621, 1622, and 1623. These statutes, however, do not provide a litigant with a private right of action. See Horne v. Soc. Sec. Admin., 359 F. App'x 138, 141 (11th Cir. 2010) (noting that 18 U.S.C. § 1001 is a criminal statute and does not provide a private right of action); Hill v. Lee County Sheriff's Office, No. 2:11-cv-242-FtM-29SPC, 2012 WL 4356818, at *4 (M.D. Fla. Sept. 24, 2012) (there is no private cause of action under 18 U.S.C. § 1621 for perjury or false declarations); D'Amato v. Rattoballi, 83 F. App'x 359, 360 (2d Cir. 2003) (a plaintiff cannot recover damages under 18 U.S.C. § 1622 because this criminal statute, standing alone, does not provide for civil remedies); Dodd v. Woods, No. 8:09-CV-1872-T-27AEP, 2010 WL 3747007, at *7 (M.D. Fla. Aug. 31, 2010) (holding that 18 U.S.C. § 1623 is a

criminal statute that does not provide for a private right of action).  Accordingly, Count I is dismissed to the extent plaintiff attempts to assert a claim under 18 U.S.C. §§ 1001, 1621, 1622, or 1623.

**(4)  26 U.S.C. § 7609(d)(2)**

Count I of plaintiff's Second Amended Complaint also cites to 26 U.S.C. 7609(d)(2) as the basis for a claim.  Section 7609 of the Internal Revenue Code sets forth the procedures for issuing and challenging third-party summonses.  A violation of the procedural safeguards in § 7609 can be used to show that the challenged summons was issued in bad faith, Conner v. United States, 434 F.3d 676, 683 (4th Cir. 2006), but cannot serve as a basis for monetary relief.  See Oxford Capital Corp. v. United States, 211 F.3d 280, 285 n.3 (5th Cir. 2000) (citing United States v. Caceres, 440 U.S. 741, 752 (1979)) (As a general rule, the internal operating procedures of the IRS do not create rights in the taxpayer and thus a violation of these procedures does not establish a cause of action for the taxpayer).  See also Tift, 2008 WL 2397537, at *3 (holding that § 7609 only provides for quashing of a summons and does not create a private right of action for monetary damages).  Accordingly, the Court finds that plaintiff is unable to maintain a claim under 26 U.S.C. § 7609 and Count I will be dismissed to the extent plaintiff attempts to assert such a claim.

**(5)  Rule 11(b)**

Lastly, plaintiff attempts to state a claim under Federal Rule of Civil Procedure 11(b).  Rule 11, however, does not provide for an independent cause of action.  Furthermore, Fed. R. Civ. P. 11(c)(2) makes clear that any motion for sanctions must be made separately from any other motion.  Because plaintiff cannot state a claim under Rule 11, Count I is dismissed in its entirety.

**C.   Count IV**

Count IV of plaintiff's Second Amended Complaint alleges that defendants violated IRS policies and procedures.  Plaintiff, however, has failed to identify any specific policies or procedures, other than 26 U.S.C. § 7609, or the provision providing for such a claim.  As such, plaintiff has failed to provide a short and plain statement of the claim as required by Fed. R. Civ. P. 8(a)(2).  Count IV is therefore dismissed.

**D.   Counts V and VI**

In Counts V and VI, plaintiff alleges that defendants violated the privacy laws of Florida and New York by disclosing his full social security number to third-parties in connection with the summonses.  Section 6103, 26 U.S.C., explicitly authorizes such a disclosure and preempts contrary state law.  Because the disclosure of plaintiff's social security number was explicitly authorized by the Internal Revenue Code, Counts V and VI fail as a matter of law and are due to be dismissed.

Accordingly, it is now

**ORDERED:**

1.   Defendants' Second Motion to Dismiss and, in the alternative, Substitute the United States as the Proper Defendant (Doc. #44) is **GRANTED** and the Complaint is **dismissed with prejudice**.

2.   The Clerk shall enter judgment accordingly, terminate all pending motions and deadlines as moot, and close the file.

**DONE AND ORDERED** at Fort Myers, Florida, this ___14th___ day of January, 2015.


_____
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE


Copies:

Plaintiff
Counsel of record